131 Cal.App.2d 533 (1955)
Estate of PHILIP GOLDFADER, Deceased. ROBERT C. KIRKWOOD, as State Controller, Respondent,
v.
DORA CHIRLS, as Executrix, etc., Appellant.
Civ. No. 20689. 
California Court of Appeals. Second Dist., Div. Two. 
Mar. 15, 1955.
 Jacob W. Silverman for Appellant.
 James W. Hickey, Walter H. Miller and William L. Baugh for Respondent.
 McCOMB, J.
 From an order fixing the inheritance tax due the State of California in a probate proceeding, the executors appeal.
 Facts: Philip Goldfader died testate August 25, 1951, a resident of California, leaving:
 a. Probate assets of the appraised clear market value of $54,792.22;
 b. Annuity policies of the appraised clear market value of $151,305.42, payable on his death to his adult son, Harold G. Sterling;
 c. Savings and loan accounts of the appraised clear market value of $14,500, in decedent's name "as trustee" for his adult son, Harold G. Sterling.
 Decedent's will left his entire estate to the aforementioned son. The inheritance tax appraiser filed his report taxing each of the items listed under paragraphs a, b, and c, above. No objection was made to the taxation of items a and b, *534 but formal objection was made to the report of the inheritance tax appraiser insofar as it taxed item c, above. This objection was overruled and the present appeal has ensued.
 It was stipulated that decedent in his lifetime gratuitously opened in his name as "trustee" for his said adult son, various savings accounts which at the date of his death were appraised at the clear market value of $14,500. The funds so deposited were the father's (decedent's) which were never physically in the possession or custody of his son in the lifetime of the decedent.
 [1] Question: Is there substantial evidence to sustain the trial court's finding of fact reading thus:
 "That said decedent gratuitously and without consideration voluntarily established and opened said savings and loan accounts by depositing his funds in various Savings and Loan Associations in his own name as trustee for his adult son, Harold Goldfader, now known as Harold G. Sterling, as follows: (See various Savings and Loan Accounts listed in the total sum of $14,500.) That the moneys and credits or funds of said decedent so deposited were never at any time in the life of said decedent turned over or delivered to the said adult son, Harold G. Sterling. That said funds of said decedent were and remained the property of said decedent as trustee of revocable trusts and under his exclusive possession and control."
 Yes. The stipulation of facts set forth above clearly supports the facts as found by the trial court. Section 13646 of the Revenue and Taxation Code provides that a revocable transfer in trust is a transfer subject to the act. It is also provided in section 712 of title 18, article 4, of the Administrative Code that: "An inter vivos transfer made without a valuable and adequate consideration ..., whether in trust or otherwise, subject to a power reserved in the transferor to revoke, terminate, alter, amend, revise or change the interest of the beneficiary, constitutes a transfer intended to take effect in possession or enjoyment at or after the death of the transferor."
 In view of the fact that the record disclosed that these trust accounts were intended as a gift by the decedent to his son, and that he had absolute control of the investment of the funds placed in the trust accounts, and that the son never at any time had physical possession or custody of the trust funds therein, they were subject to taxation under the provisions of the Revenue and Taxation Code. (Kosloskye v. Cis, 70 Cal.App.2d 174 [160 P.2d 565].) *535
 Estate of Thurston, 36 Cal.2d 207 [223 P.2d 12], relied on by appellant, is not in point. In such case the court held that a tax was not imposed on transfers inter vivos which were not made in contemplation of death, and where the interest of the transferees and the possession and enjoyment of the property were not affected by whether the transferor lived or died. The facts are entirely different from the present case.
 Affirmed.
 Moore, P. J., and Fox, J., concurred.